UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO RIVAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF ORANGE, an entity, DANIEL VERGILIO, EMILIO LOPEZ, CONOR CARDENAS, JAMIE MARTINEZ, and ANTHONY ALVAREZ,<br><br>　　　　Defendants. | Case No. 8:22-cv-01586-JWH-ADS<br><br>**ORDER REGARDING PLAINTIFF'S MOTION TO REMAND AND DEFENDANTS' MOTION TO DISMISS [ECF Nos. 12 & 15]** |

Before the Court is the motion of Plaintiff Roberto Rivas to remand this case to state court[1] and the motion of Defendants the County of Orange, Daniel Vergilio, Emilio Lopez, Connor Cardenas, Jaime Martinez, and Anthony Alvarez to dismiss Rivas's Amended Complaint.[2] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[3] the Court orders that both Motions are **DENIED** for the reasons set forth herein.

## I. BACKGROUND

### A. Factual Background

Rivas was arrested on drunk driving charges on August 2, 2019, and he was placed in a holding cell during his in-processing.[4] Although the facts leading to the incident at issue are in dispute, Rivas alleges that Defendant Deputy Daniel Vergilio ordered Rivas out of his holding cell, but Rivas did not comprehend that command because he does not understand English.[5] Rivas and Vergilio then engaged in a physical confrontation, and Defendants Deputies Emilio Lopez and Connor Cardenas joined Vergilio in restraining Rivas.[6] During the altercation, Rivas sustained injuries including a broken forearm, which prompted Defendants to provide Rivas with medical aid.[7]

---

[1] Pl.'s Mot. to Remand (the "Remand Motion") [ECF No. 12].
[2] Defs.' Mot. to Dismiss (the "Motion") [ECF No. 15].
[3] The Court considered the following papers: (1) First Am. Compl. (the "Amended Complaint") (including its attachments) [ECF No. 1-5]; (2) Remand Motion (including its attachments); (3) Defs.' Opp'n to the Remand Motion [ECF No. 18]; (4) Pl.'s Reply in Supp. of the Remand Motion; (5) Motion (including its attachments) (6) Pl.'s Opp'n to the Motion (the "Opposition") [ECF No. 19]; and (7) Def.'s Reply in Supp. of the Motion (the "Reply") [ECF No. 20].
[4] Amended Complaint ¶ 22.
[5] *Id.* at ¶ 23; Motion 2:3-12.
[6] Amended Complaint ¶ 25.
[7] *Id.* at ¶ 28.

## B. Procedural Background

Rivas filed his initial Complaint in state court in May 2020.[8] In December 2020, Rivas identified Deputies Vergilio, Cardenas, and Lopez as Doe Defendants.[9] Rivas filed his First Amended Complaint in May 2021, asserting the following causes of action:

- Assault;
- Battery;
- Negligence;
- Deprivation of Civil Rights Under Color of Law [42 U.S.C. §§ 1983, 1985, 1986, & 1988];
- Deprivation of Civil Rights Under Color of Law (*Monell* Claim) [42 U.S.C. § 1985]; and
- Conspiracy to Interfere with Civil Rights [42 U.S.C. § 1985].

Meanwhile, Rivas was prosecuted under Cal. Penal Code § 148(a)(1) for resisting a peace officer. In March 2022, a jury found Rivas guilty with respect to the charge for resisting Vergilio, but not guilty with respect to the charge for resisting Lopez and Martinez.[10] In his civil case, in July 2022 Rivas added Deputies Jamie Martinez and Anthony Alverez as Doe Defendants. The following month, Defendants removed the action to this Court.[11]

## II. LEGAL STANDARD

### A. Removal and Remand

Federal courts are courts of limited jurisdiction. Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In every federal case, the

---

[8] Opposition 2:25-3:2.
[9] *Id.* at 3:4-6.
[10] *Id.* at 4:20-28.
[11] *Id.* at 5:4-10.

basis for federal jurisdiction must appear affirmatively from the record. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction. *See id.*

To remove an action to federal court under 28 U.S.C. § 1441, the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta*, 537 U.S. at 33. As such, a defendant may remove civil actions in which either (1) a federal question exists; or (2) complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331 & 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." *In re Digimarc Corp. Derivative Litigation*, 549 F.3d 1223, 1234 (9th Cir. 2008).

The right to remove is not absolute, even where original jurisdiction exists. In other words, the removing defendant bears the burden of establishing that removal is proper. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("[t]he strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper" (quotation marks omitted)). Any doubts regarding the existence of subject matter jurisdiction must be resolved in favor of remand. *See id.* ("[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance").

B.     **Rule 12(b)(6)—Failure to State a Claim**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in a complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In ruling on a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). Although a complaint attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). Accordingly, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," which means that a plaintiff must plead sufficient factual content to "allow[] the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A complaint must contain "well-pleaded facts" from which the Court can "infer more than the mere possibility of misconduct." *Id.* at 679.

### III.  DISCUSSION

A.     **Rivas's Motion to Remand**

The gravamen of Rivas's Remand Motion is that: (1) the litigation has been on-going for years in state court, and Defendants removed the action only because they had not fared well in the state court action; and (2) the removal of

the action at this point exceeds the 30-day limit under 28 U.S.C. § 1446—based upon the previously served Defendants Vergilio, Cardenas, and Lopez—and thwarts the legislative purpose of the removal statute.[12]

Rivas ignores the text of 28 U.S.C. § 1446, though, which provides that "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons" and that:

> [i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

28 U.S.C. § 1446(b)(2)(B) & (C). Although the text of the removal statute by itself is unambiguous, the Ninth Circuit has also affirmed that "each defendant is entitled to thirty days to exercise his removal rights after being served." *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011). Here, Rivas may in hindsight regret adding Martinez and Alvarez as Defendants and thereby providing them an opportunity to remove the action from Rivas's preferred state-court forum, but the newly added Defendants properly removed the instant action to this Court. Accordingly, the Remand Motion is **DENIED**.

### B. Defendants' Request for Judicial Notice

Defendants filed an unopposed request for judicial notice of the Orange County Superior Court's certified case packet in *People v. Roberto Rivas*, Case No. 20CM05969, including: (1) Complaint Warrant—*People v. Rivas*; (2) Complaint Warrant Amendment 1; (3) Verdict as to Counts 1, 2, and 3; (4) Jury instructions; and (5) court minutes.[13] Defendants also lodged with the

---

[12] Remand Motion 1:22-2:2.

[13] Defs.' Request for Judicial Notice ("RJN") [ECF No. 12-2].

Court three videos depicting the altercation between Rivas and Defendants that formed the basis of the instant action.[14]

In deciding a motion to dismiss, courts generally look only to the face of the complaint and documents attached thereto. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir.2002). The Court may consider, however, materials that are subject to judicial notice under Rule 201 of the Federal Rules of Evidence. *See Gerritsen v. Warner Bros. Entertainment, Inc.*, 112 F. Supp. 3d 1101, 1020 (C.D. Cal. 2015). Rule 201 permits judicial notice of facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Such facts include "matters of public record." *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(c). In the Ninth Circuit, "court filings and other matters of public record" are sources whose accuracy cannot reasonably be questioned for the purposes of Rule 201. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir. 2006). "The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

The Ninth Circuit also applies the "incorporation by reference" doctrine. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Under that doctrine, a court may "take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not

---

[14] *See* Defs.' Notice of Manual Filing or Lodging (the "<u>Video</u>") [ECF No. 12-3].

physically attached to the [plaintiff's] pleading." *Id.* (internal citations and quotations omitted) (alteration in original).

Here, the Court finds both the state court criminal filings and the lodged videotapes proper materials for judicial notice. Both sides in the instant action acknowledge and incorporate by reference the jury verdict in Rivas's criminal trial, and they refer to the materials in their respective filings. Additionally, in his Opposition Rivas includes screenshots from the videotapes, and in his Complaint he refers to those activities; as such, the matter is entitled to judicial notice.[15] Because the matter is uncontested and accepted by both parties, Defendants' request for judicial notice is **GRANTED**.

C.  *Heck*-Barred Claims

Defendants contend that Rivas's Complaint is barred as a matter of law pursuant to the "favorable termination rule" outlined in *Heck v. Humphrey*, 512 U.S. 477 (1994).[16] "Under *Heck v. Humphrey*, a state prisoner cannot recover damages in a [42 U.S.C.] § 1983 suit if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (citation omitted). "*Heck*, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996)

With particular relevance to Rivas's Complaint and his conviction under Cal. Penal Code § 148(a)(1) for resisting a peace officer, the Ninth Circuit holds that because "a defendant can't be convicted under § 148(a)(1) if an officer used

---

[15]  Opposition 1:15-21.
[16]  Motion 7:19-23.

excessive force at the time of the acts resulting in the conviction," it follows that "an excessive force claim can't survive the *Heck* bar if it's predicated on allegedly unlawful actions by the officer *at the same time* as the plaintiff's conduct that resulted in his § 148(a)(1) conviction." *Sanders v. City of Pittsburg*, 14 F.4th 968, 971 (9th Cir. 2021) (emphasis in original). Alternatively, if the plaintiff can separate the unlawful actions by a police officer from the lawful actions that formed the basis of his Cal. Penal Code § 148(a)(1) conviction, then *Heck* would not bar a plaintiff's § 1983 claim—even if they occurred during one continuous action. *See id.* at 972. While a plaintiff is thus allowed to break a continuous transaction into different segments for the purpose of a § 1983 claim, he may not "slice up the *factual basis* of a § 148(a)(1) conviction to avoid the *Heck* bar." *Id.*

  Here, Rivas asserts that his Complaint is not *Heck*-barred because he was convicted of resisting only Vergilio, and he was acquitted of resisting Lopez and Martinez.[17] Furthermore, Rivas argues that because Vergilio was dismissed as a Defendant in the instant action,[18] Rivas's § 1983 claims could not implicate the validity of his Cal. Penal Code § 148(a)(1) conviction.[19] Defendants contend that Rivas is mistaken because video of the incident shows that Rivas's altercation with Vergilio cannot be separated from his altercation with Lopez and Martinez.[20] All Defendants were simultaneously restraining Rivas, and the video is clear that Rivas exhibited the same resistance against Vergilio as he did against all other Defendants.

  Whether Rivas's resistance of Vergilio was temporally and spatially proximate from his resistance of Lopez and Martinez is irrelevant; the jury's

---

[17] Opposition 6:23-27.
[18] *See* Stip. and Joint Request for Order Dismissing Def. Deputy Daniel Vergilio [ECF No. 14].
[19] Opposition 8:2-4.
[20] *See* Video, Ex. H-1 00:15-01:00.

not-guilty verdict in Rivas's criminal trial regarding Lopez and Martinez is dispositive under Ninth Circuit authority, and his Complaint is not barred by *Heck*.  In *Lemos v. Cnty. of Sonoma*, 40 F.4th 1002 (9th Cir. 2022) (*en banc*), *cert. denied sub nom. Cnty. of Sonoma, California v. Lemos*, 143 S. Ct. 429 (2022), the Ninth Circuit reversed and remanded a district court's dismissal of a plaintiff's § 1983 claim alleging that a sheriff's deputy used excessive force in arresting her, and the facts of that case map onto the instant action concerning Defendant's *Heck* arguments.

The plaintiff in *Lemos* was convicted under Cal. Penal Code § 148(a) for "willfully resisting, delaying, or obstructing [a] deputy" sheriff during an investigation of a suspected domestic dispute. *Lemos*, 40 F.4th at 1003.  The district court instructed the jury that the plaintiff could be found guilty of resisting the deputy based upon any one of four facts:

> (1) if she "made physical contact with [the deputy] as he was trying to open the truck door"; (2) if she "placed herself between" [the deputy] and [Lemos's sister]; (3) if she "blocked [the deputy] from opening the truck door and seeing or speaking with" [Lemos's sister]; or (4) if she "pulled away when [the deputy] attempted to grab her" (just before he tackled her).  Although the instructions required the jury to agree unanimously on which act Lemos committed, the verdict form did not require the jury to identify a specific act.  The jury found Lemos guilty.

*Id.* at 1005.  In granting summary judgment for the defendants, the district court reasoned that "there was 'no temporal or spatial distinction or other separation between the conduct for which Lemos was convicted, by a jury, and the conduct which forms the basis of her Section 1983 claim.'"  *Id.*  Much like Defendants here, in *Lemos* the defendants argued that the deputy's actions formed "one uninterrupted interaction and the jury's finding that he did not use excessive

force would be inconsistent with a Section 1983 claim based on an event from that same encounter." *Id.*

The Ninth Circuit reversed the district court, holding that "[a]n action under section 1983 is **barred** if—but only if—success in the action would undermine the jury's findings in a way that 'would *necessarily* imply or demonstrate that the plaintiff's earlier conviction was invalid.'" *Id.* (citing *Smith v. City of Hemet*, 394 F.3d 689, 699 (9th Cir. 2005)) (emphasis in original). The *Lemos* court stated that when "a jury is instructed that it may find a defendant guilty based on one of several different events, then a guilty verdict does *not* necessarily 'determine[] the lawfulness of the officers' actions' throughout the entire encounter." *Id.* at 1008 (citing *Smith*, 394 F.3d at 699) (emphasis in original).

Here, Defendants' Motion is more easily resolved than in *Lemos* because a jury found Rivas ***not guilty*** of resisting Lopez and Martinez, and no charges were ever brought against Rivas concerning the other Defendants.[21] Although Lopez and Martinez restrained Rivas at the same time as Virgilio, a successful § 1983 action against Defendants would not necessarily invalidate Rivas's criminal conviction for resisting Virgilio. The Ninth Circuit's holding in *Lemos* is clear that *Heck*'s bar to § 1983 claims is strictly construed; claims are permitted even when a plaintiff is convicted but the arresting officer provides possible grounds for excessive force or for other violations of the plaintiff's constitutional rights. Accordingly, the Motion is **DENIED** with respect to Defendants' argument that Rivas's Complaint is barred by *Heck*.

### D. Qualified Immunity

In the alternative to their *Heck*-bar argument, Defendants move to dismiss Rivas's Complaint under the doctrine of qualified immunity.

---

[21] Opposition 6:23-7:11.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To determine whether an officer is entitled to qualified immunity, the Court asks, in the order it chooses, (1) whether the alleged misconduct violated a constitutional right; and (2) whether the right was clearly established at the time of the alleged misconduct. *See Hernandez v. City of San Jose*, 897 F.3d 1125, 1132 (9th Cir. 2018).

Qualified immunity exists to shield an officer from liability for "mere mistakes in judgment, whether the mistake is one of fact or one of law." *Butz v. Economou*, 438 U.S. 478, 507 (1978). To determine whether the law was clearly established, courts do not "require a case directly on point," but existing precedent must have placed the "constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). When this test is properly applied, it protects "all but the plainly incompetent or those who knowingly violate the law." *Id.* at 743.

Rivas contends that the Court should deny the Motion on qualified immunity grounds because Defendants failed to raise that issue during the L.R. 7-3 conference of counsel.[22] Defendants respond that although they did not explicitly state during that L.R. 7-3 conference that they would move to dismiss Rivas's Complaint on the basis of qualified immunity, Defendants' counsel did transmit an email to Rivas's counsel asserting that "the deputies would be

---

[22]   *Id.* at 12:6-7.

entitled to qualified immunity."[23] Rivas's position prevails. This Court takes L.R. 7-3 seriously and requires the parties to comply with it.

In addition, attempting to resolve Defendants' qualified immunity defense now places the Court in the difficult position of deciding "far-reaching constitutional questions on a nonexistent factual record." *Wong v. United States,* 373 F.3d 952, 957 (9th Cir. 2004). Civil rights cases, in particular, are the kinds of cases where "dealing with qualified immunity on a motion to dismiss may be inappropriate." *Hunt v. City of Los Angeles*, 2013 WL 12164626, at *9 (C.D. Cal. Aug. 19, 2013) (citing *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) ("[A] complaint is generally not dismissed under [Rule] 12(b)(6) on qualified immunity grounds.")). Thus, "although government officials have the right to raise qualified immunity on a motion to dismiss, it is not necessarily advisable to do so in every case since an 'ill-considered filing of a qualified immunity appeal on the pleadings alone can lead not only to a waste of scarce public and judicial resources, but to the development of legal doctrine that has lost its moorings in the empirical world, and that might never need to be determined were the case permitted to proceed, at least to the summary judgment stage.'" *Id.* (quoting *Wong*, 373 F.3d at 957).

Here, although Defendants have provided videotape footage of the altercation between Rivas and Defendants,[24] neither side has provided argument contextualizing the evidence, and neither has sufficiently analyzed the legal authorities that pertain to qualified immunity. As such, under the current circumstances, the Court finds that the "instant briefing is insufficient for the [C]ourt to make a qualified immunity determination." *Id.*

---

[23] Reply 5:12-17.
[24] *See* Video, Ex. H-1.

Rivas also contends that the doctrines of *res judicata* and issue preclusion prevent Defendants from raising qualified immunity again before this Court, because the Orange County Superior Court denied Defendants' previous motion for summary judgment based upon qualified immunity.[25] In view of the Court's denial of Defendants' Motion for the reasons articulated above, it need not address those arguments now.

### E. *Monell* Claims

Defendants' short arguments for the dismissal of Rivas's *Monell* claims for municipal liability are contingent upon the success of Defendants' *Heck*-based and qualified immunity-based arguments.[26] Because those arguments fail, the Court declines to dismiss Rivas's *Monell* claims.

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. Defendants' request for judicial notice is **GRANTED**.
2. Rivas's Motion to remand is **DENIED**.
3. Defendants' Motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 14, 2023

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[25] Opposition 12:24-13:1.
[26] Motion 17:1-22.